**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAR 2 2 2005

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    No. CV-05-0174 RB/RHS
    CR-04-862 RB

SEVERIANO VILLA-PEREZ,

    Defendant.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, sua sponte under 28 U.S.C. § 2255 R. 4(b), for preliminary consideration of Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 16) filed February 15, 2005. Defendant pleaded guilty to an information and was convicted of reentry by a deported alien previously convicted of an aggravated felony. 8 U.S.C. §§ 1326(a)(1) and (2) and (b)(2). He was sentenced to 37 months of imprisonment, in part as a result of the prior aggravated felony conviction. § 1326(b)(2). Defendant did not appeal his conviction or sentence. In his § 2255 motion, Defendant claims his sentence is illegal because the Sentencing Guidelines were ruled unconstitutional in *Blakely v. Washington*, --- U.S. ---, 124 S. Ct. 2531 (2004). He does not deny that he was previously deported after committing an aggravated felony.

Because Defendant's sentence enhancement was based on a prior conviction, no relief is available on his claim under *Blakely*. The claim is precluded by the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury."

3

*Apprendi*, 530 U.S. at 490. *Apprendi* addressed, in part, the ruling in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), where the Court expressly upheld enhancement of a sentence based on prior convictions. *Almendarez-Torres*, 523 U.S. at 246-47. The decision in *Almendarez-Torres* has been criticized but not overruled. *See Apprendi*, 530 U.S. at 489-90. The "prior conviction" exception to the *Apprendi* rule is specifically noted in the *Blakely* decision,124 S. Ct. at 2536, and in *United States v. Booker*, --- U.S. ---, ---, 125 S. Ct. 738, 756 (2005). The *Blakely* decision does not affect the enhancement of Defendant's sentence, and the § 2255 motion will be dismissed.

IT IS THEREFORE ORDERED that Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 16) filed February 15, 2005, is DISMISSED with prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered in accordance with this order.

_____
UNITED STATES DISTRICT JUDGE